UTILITIES ENGINEERING INSTITUTE, PLAINTIFF-APPEL-
LANT, v. ROY BODENSTEIN AND BERTHA BODEN-
STEIN, DEFENDANTS-RESPONDENTS.

Submitted October 5, 1943—Decided January 27, 1944.

Before Justices CASE, DONGES and PORTER.

For the rule, *Isaac W. Seiler.*

*Contra, Jerome Alper & Alper* and *Samuel B. Friedman.*

The opinion of the court was delivered by

DONGES, J. This matter is before the court on a rule to show cause why the judgment entered in this court against the defendant Roy Bodenstein for costs on appeal should not be set aside.

The plaintiff, Utilities Engineering Institute, brought suit in the District Court of the First Judicial District of Essex County upon a book account against both Roy Bodenstein and Bertha Bodenstein. There was a demand by the defendants for trial by jury and, after trial, judgment was entered in the District Court "for the defendant and against the plaintiff." Upon plaintiff's appeal to this court there was presented a state of case which, amongst other things, contained the entries upon the clerk's docket and a "state of the case settled by court." Throughout these papers in the state of case there were references to the "defendant" in the

singular, and there was no indication of which of the two defendants was referred to.

The notice of appeal filed by the plaintiff appealed from the "judgment * * * in favor of the defendant and against the plaintiff." The only point raised in that appeal by the specifications of determinations was the propriety of the action of the trial court in permitting a trial by jury, it being claimed that the demand for jury trial was made out of time. This court on that appeal determined that error had been committed because the demand for jury trial was out of time. 129 *N. J. L.* 249. The judgment was reversed "with costs." Thereupon, plaintiff entered judgment for costs in this court against Roy Bodenstein and issued execution thereon.

Subsequently, after the case was remanded to the District Court, the records of that court were corrected at the direction of the judge to show that judgment of nonsuit had been allowed as to the infant defendant, Roy Bodenstein.

In this situation, the plaintiff insists that it is entitled to a judgment for costs on the appeal against Roy Bodenstein. We think it is not. It does not appear that Roy Bodenstein was ever a party to the cause in this court. The judgment appealed from was in favor of the "defendant" and it clearly appears that by "defendant" Bertha Bodenstein was meant. At the time of the appeal there was no disposition upon the record of the case against Roy. As far as the record then went, it was as if the case against him had not been tried. There was no judgment in the District Court for or against him that could have been removed to this court by the notice of appeal.

The allowance of costs, in the absence of express statutory direction, is in the discretion of the court. *Martin* v. *Saddle River Township Building and Loan Association,* 117 *N. J. L.* 224. Section 30 of the Practice Act of 1912 (*Pamph. L.* 1912, *p.* 383) provides: "Subject to the rules or special order, costs in all cases may be disallowed in the discretion of the court." And rule 204 of this court provides "* * * and no costs shall be taxed against any defendant with which he is not justly chargeable."

Under all the circumstances of this case, we are of the opinion that the exercise of our discretion calls for the setting aside of the judgment for costs on the appeal and the execution thereunder. The rule to show cause is made absolute, with costs on this application to Roy Bodenstein and against the plaintiff.